IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-00419 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS AND TO DISMISS INDICTMENT** |
| v. | |
| NOE CUENCA-VEGA, | |
| Defendant. | |

On March 28, 2012, the Court held a hearing on defendant's motion to suppress and to dismiss the indictment. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

On May 13, 2010, defendant was arrested by Immigration and Customs Enforcement ("ICE") agents in Santa Rosa, California. McCarthy Decl. Ex. A (arrest report). The report states that on May 10, 2010, defendant "came to the attention of the Service on 05/10/2010, pursuant to a United States Department of Homeland Security, Immigrations and Customs Service, Deportation and Removal Operations Lead." *Id.* at 2. The arrest report states that defendant, a citizen of Mexico, had five prior deportations, and the report also lists defendant's criminal history, including three felony convictions. *Id.*

After his arrest, defendant was *Mirandized* and he gave a sworn statement stating, *inter alia*, that he was a citizen of Mexico, that he last entered the United States on February 26, 2010, and that he had previously been deported from the United States five times. *Id.* Ex. B (sworn statement).

The arrest report states that "SAUSA Patty Spaletta accepted the case for 8 USC 1326

prosecution," and that "CUENCA is being processed for a REINSTATEMENT of deportation pursuant to Section 241(a)(5) of the INA." *Id.*, Ex. A at 2.

On May 21, 2010, the government charged defendant by complaint with a single count violation of 8 U.S.C. § 1326. Docket No. 1. On May 24, 2010, defendant was brought before a magistrate judge to make his initial appearance. Docket No. 3. On May 27, 2010, the Grand Jury for the Northern District returned the operative indictment. Docket No. 4.

**DISCUSSION**

Defendant contends that he was illegally arrested by ICE agents without a warrant, and that as a result all statements resulting from that arrest must be suppressed. Defendant also contends that the Rule 5 of the Federal Rules of Criminal Procedure was violated because defendant was not presented to a magistrate judge until eleven days after his arrest by ICE agents, and thus that the indictment should be dismissed.

The Court concludes that defendant's contentions lack merit, and DENIES defendant's motion. Defendant was arrested pursuant to 8 U.S.C. § 1357(a)(2), which authorizes ICE agents to make warrantless civil arrests. *See* 8 U.S.C. § 1357(a)(2) ("Any officer or employee of the Service . . . shall have power without warrant – . . . to arrest any alien in the United States, if he has a reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest . . . ."). The arresting ICE agent had reviewed defendant's Alien File, and had determined that defendant had several prior removals and prior felony narcotics convictions, and "that an Order of Removal was in place against him." *See* Rea Declaration, ¶¶ 3 and 4.[1] Thus the arresting ICE agent had reason to believe that escape would be likely if defendant was not arrested. *See* McCarthy Decl. Ex. A at 2 (Record of Deportable/Inadmissible Alien). Therefore, ICE agents did not need a warrant to arrest defendant.

Defendant also asserts that the eleven day delay between his arrest by ICE agents and his appearance before a magistrate judge constitutes an "egregious" violation of Rule 5 of the Federal Rules

---

[1] The Rea Declaration was only submitted after defendant's motion was fully briefed.

2

of Criminal Procedure and that "the only possible remedy is dismissal." Motion at 5-6. The Ninth Circuit has held that the Speedy Trial Act and Rule 5 only apply to criminal arrests, and that they do not apply to civil deportation arrests. *See United States v. Cepeda-Luna*, 989 F.2d 353, 354 (9th Cir. 1993) (where defendant originally detained on civil deportation charges and later charged criminally, holding that "[t]he provisions of Rule 5, which require *inter alia* the appointment of counsel and the holding of preliminary examinations, are inapplicable to civil deportation arrests."); *see also United States v. Ortiz-Lopez*, 24 F.3d 53, 54-55 (9th Cir. 1994).[2]

However, defendant asserts that "from the day of the arrest, the federal government planned on charging Mr. Cuenca criminally, and therefore Rule 5 applies." Reply at 3. In *Cepeda-Luna*, the Ninth Circuit noted that "[t]his circuit has repeatedly declined to apply the Speedy Trial Act in situations where the defendant's detention is not pursuant to federal criminal charges, even though federal criminal authorities may be aware of and even involved with that detention." 989 F.2d at 356. However, the court cautioned that,

> Although we determine the Speedy Trial Act does not apply to civil deportation arrests, this rule is not absolute. The requirements of the Act would lose all meaning if federal criminal authorities could collude with civil or state officials to have those authorities detain a defendant pending federal criminal charges solely for the purpose of bypassing the requirements of the Speedy Trial Act. If a court found evidence of such collusion, the provisions of the Act could be applied to state or civil detentions.

*Id*. at 357.

Defendant asserts that the arrest report establishes that defendant was being detained on criminal charges because the report states that on May 13, 2010, the date of defendant's arrest, "[Special Assistant United States Attorney] Patty Spaletta accepted the case for 8 USC 1326 prosecution." McCarthy Decl. Ex. A at 2. Defendant argues that the United States Attorney's Office's "acceptance" of the case for criminal prosecution rendered the arrest criminal, and therefore that Rule 5 applies.

The Court disagrees. The fact that the arrest report states that the federal authorities have "accepted" the case for prosecution does not establish that the authorities "colluded" with ICE agents to detain defendant in order to bypass the requirements of Rule 5. Further, even if Rule 5 did require

---

[2] Defendant does not contend that the Speedy Trial Act has been violated. Defendant was indicted fourteen days after the arrest and six days after he was charged by complaint. *See* 18 U.S.C. § 3161(b) (indictment must be filed within 30 days of arrest or summons).

3

ICE agents to present defendant to a magistrate judge immediately after his arrest, dismissal of the indictment would not be the appropriate remedy. *See Bayless v. United States*, 381 F.2d 67, 70-71 (9th Cir. 1967); *see also United States v. Savchenko*, 201 F.R.D. 503, 506 (S.D. Cal. 2001) ("The appropriate remedy for a violation of the 'without unnecessary delay' standard of Rule 5 is the suppression of any prejudicial statements provided by the accused during the subject period."); *United States v. Clevenger*, No. 11cr3518–IEG, 2011 WL 4862413, at *2 (S.D. Cal. Oct. 13, 2011) ("The remedy for an unnecessary delay is suppression of statements made by the arrestee. . . . There is no authority for defendant's argument that the Court may dismiss the indictment as a sanction for violation of Rule 5.").[3]

The case relied upon by defendant, *United States v. Osunde*, 638 F. Supp. 171 (N.D. Cal. 1986), in which the court dismissed an indictment based on violations of the Speedy Trial Act and Rule 5, has been criticized for its "sparse reasoning." *Savchenko*, 201 F.R.D. at 507 (noting that *Osunde* did not address *Bayless*). Further, *Osunde* is distinguishable because of the additional Speedy Trial Act violation, and because in *Osunde*, 106 days passed between the defendant's arrest and first appearance before a magistrate judge, and 118 more days passed before an indictment was returned. *Osunde*, 638 F. Supp. at 173.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to suppress and to dismiss the indictment. Docket Nos. 53 & 58.

**IT IS SO ORDERED.**

Dated: March 28, 2012

SUSAN ILLSTON
United States District Judge

---

[3] Defendant does not seek suppression of his sworn statement based on an alleged Rule 5 violation. Under Supreme Court and statutory authority, the Court may suppress statements given more than six hours after a defendant was arrested. *See* 18 U.S.C. § 3501(c); *Corley v. United States*, 192 S. Ct. 1558, 1571 (2009). Here, the record shows that defendant was *Mirandized* and gave a sworn statement less than two hours after his arrest. McCarthy Decl. Ex. A & B.

4