IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-0419 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| NOE CUENCA VEGA, | |
| Defendant. / | |

On March 28, 2012, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning April 9, 2012. All parties were represented by counsel. The following matters were resolved:

1. **Trial schedule**: The parties expect that the case will take 1-2 days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate.

2. **Number of jurors and challenges**: There shall be a jury of twelve members, plus one alternate juror. The government shall have six peremptory challenges and the defendant shall have ten peremptory challenges.

3. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

**4. Jury instructions**: The Court received proposed jury instructions from the government. Defendant is reviewing them, and will confer with government counsel as necessary. Defendant's responses or objections, if any, should be filed by April 9, 2012.

5. **Trial exhibits**: No later than April 6, 2012, the government shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and one set shall be provided for the defendant.

6. **Motions in limine**: At the pretrial conference, the following motions in limine were discussed:

**Government's motions:**

<u>Motion to admit records in defendant's alien file:</u> The government seeks pretrial admission of various certified documents from defendant's alien file, which contains records reflecting his five prior deportations. Defendant objects primarily that admission of all the requested documents would be cumulative and unfairly prejudicial under FRE 403. The Court finds that the requested documents are generally admissible public records (e.g., removal warrants, fingerprint cards, birth records) or admissible statements of a party opponent (defendant's prior sworn statements) and, for the most part, are relevant. However, in accordance with the discussion at the Pretrial Conference, and in order to prevent unfair prejudice to defendant, only one set of documents reflecting a prior deportation will be allowed, absent further order of the Court.

<u>Motion to preclude defense references to defendant's beliefs as to lawfulness of re-entry, legality of prior removals, biographical information and potential penalties:</u> Potential penalties are irrelevant and inadmissible. Defendant's general belief as to the lawfulness of his own re-entry or the legality of his prior removals is likewise irrelevant and inadmissible. Should defendant testify, he would be permitted to provide background biographical data, but may only testify concerning duress, derivative citizenship, etc., if he seeks and receives leave of court after an offer of proof.

<u>Motion to admit defendant's prior statements from his guilty plea in CR 03-0062:</u> Defendant previously pled guilty to a violation fo 8 USC § 1325, and in the course of that plea he

1 admitted that he is a citizen of Mexico and not a citizen of the United States. Those are admissible 2 statements of a party opponent, but must be separated from the context of a criminal plea in order to 3 protect against undue prejudice. The Court will consider counsel's proposals/stipulations as to how to 4 admit these facts.

**Defendant's motions:**

Motion to exclude cumulative/unfairly prejudicial evidence under FRE 403: Defendant objects on FRE 403 grounds to cumulative or duplicative use of information from defendant's alien file. As indicated above, the Court agrees with defendant that proof of all the prior deportations could be unfairly prejudicial and orders that only one set of documents reflecting a prior deportation will be allowed, absent further order of the Court.

Motion to exclude evidence of prior bad acts: Defendant objects to admission of his prior felonies as prior bad acts. The government responds that it would only refer to prior felonies as necessary to impeach, should defendant testify. All other objections are reserved to time of trial.

Motion to exclude certificate of non-existence of record: Defendant objects to use of such a certificate absent a testifying witness. The government states that it plans to call such a witness to testify at trial.

Motion to exclude un-Mirandized statements at immigration hearings: Under the circumstances of this case, and in light of defendant's other admissions of citizenship and alienage (e.g., in the prior plea to 8 U.S.C. § 1325), the Court will exclude the statements at the 2005 immigration hearing, barring further order of court.

Motion to strike surplusage from indictment: The indictment will not be presented to the jury, so that the surplusage issue need not be addressed.

///

**7.** **Street clothes**: Defense counsel indicates that he has street clothes available for defendant to wear to trial. The Marshal indicated at the hearing that if counsel provides the street clothes to the Marshals' Service one week in advance, the clothes will be provided to defendant for trial.

IT **IS SO ORDERED.**

Dated: March 28, 2012

SUSAN ILLSTON
United States District Judge